### SMITH v. SMITH.

DEMURRER—PLEADINGS—GUARDIAN AD LITEM.—The failure to allege an appointment of a guardian *ad litem* is a mere failure to allege capacity to sue, and can only be pleaded to by answer or demurrer; but cannot be orally demurred to on the ground that the complaint does not state facts sufficient to constitute a cause of action.

Before WATTS, J., Spartanburg, March, 1897.   Reversed.

Action for partition by Laura A. Smith *et al v.* Manly F. Smith. From judgment of nonsuit plaintiffs appeal.

*Messrs. Duncan & Sanders*, for appellant, cite: Code, 163, sub. 2; 18 S. C., 471; 35 S. C., 309; 17 S. C., 484; 41 S. C., 16, 397; 47 S. C., 67; Code, 169.

*Messrs. Hydrick & Wilson*, contra (oral argument).

March 30, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE.    This action was begun somewhere between the years 1890 and 1897.   The "Case" for appeal fails to disclose the exact date of its commencement, contrary to the rules of Court in regard to appeals.   It came on to be heard before his Honor, Judge Watts, at the March, 1897, term of the Court of Common Pleas for Spartanburg, and a jury.   When the complaint was read, the defendant interposed an oral demurrer on the ground that the complaint failed to state facts sufficient to constitute a cause of action, in this, that there was no allegation in the body of the complaint of the appointment of a guardian *ad litem* for the infant plaintiffs, although it does appear that some of the plaintiffs are infants.   After argument, the Circuit Judge sustained the demurrer, and passed an order reciting the foregoing facts in relation to the demurrer, with leave to the plaintiffs to amend their complaint upon the payment of the costs of the term.

From this order the plaintiffs have appealed upon several grounds, but of which only one need be considered, viz: Because his Honor, the Circuit Judge, erred in not holding and ruling that the failure to allege the appointment of a guardian *ad litem* for the plaintiffs, was not a failure to allege facts sufficient to constitute a cause of action, but was merely a failure to allege a capacity to sue.   As is well stated in the opinion of Mr. Justice Gary, in *Dawkins* v. *Mathis*, 47 S. C., 66: "The objection which the defendant interposes to the sufficiency of the complaint arises properly under subdivision 2, and not under subdivision 6, of said section of the Code."   (Section 165 of the Code.)   This subdivision is: "The defendant may demur to the complaint when it shall appear upon the face thereof either (1) * * * (2) That the plaintiff has not legal capacity to sue."   Section 169 of the Code, in effect, prescribes that if the objection to the legal capacity to sue is not made either by de-

murrer or answer, excepting only jurisdiction of the Court, the defendant shall be deemed to have waived the same. This Court so held in *Mickle* v. *Construction Co.*, 41 S. C., 391, which case is cited with approval in *Willis* v. *Tozer*, 44 S. C., 1. It follows, therefore, that the Circuit Judge was in error.

It is the judgment of this Court, that the order of the Circuit Court appealed from, be reversed, and the cause be remanded to that Court for trial.